Slb third draft 7 17 20

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF MISSISSIPPI
Northern Division

**DORSYL WRIGHT**                                                                       **PLAINTIFF**

**VERSUS**                                         CIVIL ACTION NO.: 3:20-cv-473-DPJ-FKB

**JAMES R. MOORE, DANIEL HAGGARD,
ERIC SCOTT,  ALLEN GRIFFIN,
JOHN DOE KEMPER COUNTY, MISSISSIPPI  DEPUTY
SHERIFFS ONE THROUGH FOUR, OFFICE OF THE
SHERIFF OF KEMPER COUNTY, MISSISSIPPI,
KEMPER COUNTY, MISSISSIPPI, and
KATHY DAVIS**                                                                        **DEFENDANTS**

*JURY TRIAL DEMANDED*

<u>COMPLAINT</u>

INTRODUCTION

This is a civil action to recover actual, compensatory and punitive damages for Defendants' violations of the Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and for various torts cognizable under the MississippiTort Claims Act ( "MTCA") and Mississippi Common Law, and to recover property owned by the Plaintiff wrongfully appropriated by the defendants.

PARTIES

1. The Plaintiff, Dorsyl Wright ( "Plaintiff or Ms. Wright"), is presently an adult resident of Nebraska, having been forced out of her residence in Preston, an unincorporated community in Kemper County, Mississippi, in 2019.

2. The Defendant James R. Moore is the Sheriff of Kemper County, Mississippi.

Slb third draft 7 17 20

     3.     The Defendant Daniel Haggard is a Kemper County, Mississippi Deputy Sheriff.

     4.     The Defendant Eric Scott is a Kemper County, Mississippi Deputy Sheriff.

     5.     The Defendant Allen Griffin is a Kemper County, Mississippi Deputy Sheriff.

     6.     Defendants, John Doe Kemper County, Mississippi deputy sheriffs One through Four, and others not presently known to the Plaintiff, were at all times material to this complaint and on information and belief duly appointed deputies of the Kemper County Sheriff's Office. Plaintiff is ignorant of the true names and capacities of defendants sued here as John Doe deputies, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend the complaint to allege true names and capacities when ascertained. Plaintiff believes and alleges that each of the John Doe defendants is legally responsible and liable for the incidents, injuries and damages hereinafter set forth.

     7.     The Office of the Sheriff of Kemper County, Mississippi is a governmental and political body established in Article 5, § 135 of the Mississippi Constitution and Miss. Code Ann. § 19-25-1 et seq. The office is headed by an elected sheriff and operates through an annual budget approved and funded by the county board of supervisors for compensation of deputies and other employees of the sheriff's office, disability insurance for the sheriff and deputies, feeding prisoners and inmates in the county jail, travel and transportation expenses of the sheriff and deputies, and for other expenses that may be incurred in the performance of the duties of the office of sheriff. The office of the sheriff's law enforcement duties are wide-spread and far-reaching.

     8.     Kemper County, Mississippi is a county government and a political subdivision of the State of Mississippi, governed by an elected five member board of supervisors.

Slb third draft 7 17 20

9. The Defendant Kathy Davis is a resident of Kemper County, Mississippi.

10. At all times material to this complaint, the aforesaid defendants acted toward plaintiff under the color of the statutes, ordinances, customs, and usage of the State of Mississippi, Kemper County and the Kemper County Sheriff's Office.

9. The aforesaid sheriff, deputies, and Ms. Davis are sued in their individual capacities. The Sheriff is also sued in his official capacity.

10. All acts material to this action occurred in Kemper County, Mississippi.

## JURSIDICTION AND VENUE

11. Plaintiff brings this civil rights lawsuit pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. For purposes of the federal civil rights claims bought against the Defendants each and every one of them were acting under color of statute, ordinance, regulation, custom, or usage of the State of Mississippi, Kemper County and the Kemper County Sheriff's Office.

12. Plaintiff seeks declaratory and injunctive relief against the Sheriff and his deputies to enjoin them from arresting, evicting and prosecuting for trespass any lawful tenant of real property when the owner of the property has available the statutory remedy of eviction of the tenant found in Miss. Code Ann. § 89-7-27 et seq., and Miss. Code Ann. § 89-8-13 et seq.

13. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

14. This Court has supplemental jurisdiction over claims arising under the Mississippi law pursuant to 28 U.S.C. § 1367(a).

Slb third draft 7 17 20

15. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTS

16. Sometime prior to 2015, the plaintiff was summonsed to return to Mississippi to move in and take care of her ailing father, Odell Reed. Mr. Reed was, at that time, a resident of Kemper County and resided at 300 Walter Reed Rd, Preston, Mississippi 39354 ("Reed Residence").

17. On or about January 15, 2015, the plaintiff packed up all of her belongings and moved them into her father's residence. From that date up until July 23, 2019, Ms. Wright continued to live in her father's residence, establishing a lawful tenancy there. During that period of time, the plaintiff made various purchases of personal property which she placed in the Walter Reed residence.

18. On or about February 11, 2015, Odell Reed conveyed by quitclaim deed all of his rights and interests in the Reed Residence unto Jean Anderson (346 Walter Reed Rd, Preston, MS 39354), Joyce Beasley (121 S. 25th St., Apt. 207, Omaha, NE 69131), Dorsyl Wright) (2862 Corby St., Omaha, NE 68111), Odell Reed, Jr. (3619 N. 29th St., Omaha, NE 68111), Darell Hurston (11656 Cygnet Dr., Woldorf, MD 20601) and Scott Cullum (6111 Seward St., Omaha, NE 68111), reserving a life estate in the property.

19. On June 11, 2008, Odell Reed executed a Deed of Trust to Luckett Land Title, Inc., Trustee for the benefit of Trustmark National Bank.

20. On May 17, 2019, in accordance with the previously recorded Deed of Trust, Bank of New York Mellon Trust Company, N.A., as Trustee for Mortgage Assets Management

Slb third draft 7 17 20

Series I, substituted Shapiro & Brown, LLC as Trustee for purposes of commencing a foreclosure proceeding.

21. On July 11, 2019, pursuant to the foreclosure proceedings, Shapiro & Brown, LLC, held a public auction for the sale of the Reed Residence. Defendant Kathy Davis purchased the property at the auction sale.

22. On July 15, 2019, J. Gary Massey, on behalf of Shapiro & Brown, LLC, executed a Substituted Trustees Deed to Kathy Davis, conveying the Reed Residence.

23. On or about July 11, 2019, Defendant Davis came to the residence where the plaintiff was living as a tenant and advised her that she had bought the house in a short-sale at foreclosure. At that time, Defendant Davis told the plaintiff that she could take her time in moving out of the house.

24. Davis sent a certified letter addressed to the Plaintiff, dated and postmarked July 18, 2019, stating the following

*This is to serve notice.*

*I have purchased the house at 300 Walter Reed Rd.*

*This is your notice to vacate the premises no later than July 20, 2019.*

*Kathy Davis*

The plaintiff did not receive this letter until July 22, 2019.

25. On July 18, 2019, Defendant Davis returned to the plaintiff's residence to object to Plaintiff selling some of her own property which was located in the Reed Residence. The

Slb third draft 7 17 20

property included various appliances, such as a stove and a refrigerator. Defendant Davis showed Ms. Wright a gun she was carrying and the claimed that she now owned the personal property and that Ms. Wright could not sell any of it. Defendant Davis then called Defendant Deputy Sheriff Daniel Haggard to come to the plaintiff's residence, apparently to force her off the property. Before Defendant Davis left the premises, she showed Ms. Wright some "legal papers" which she claimed to be proof of her ownership of the property. Plaintiff Wright had never seen these papers before, nor did Defendant Davis leave her any copies. Without the consent of the plaintiff, Davis and Deputy Haggard entered the premises where Davis was allowed to take photographs. -Deputy Haggard advised Davis to give a statement talk to an investigator.

26. On July 23, 2019, Defendant Davis returned to the plaintiff's residence this time accompanied by Deputy Eric Scott. Scott handcuffed the plaintiff, telling her she was trespassing on the property, while Defendant Davis stated she "wanted her out now." Defendant Davis told Scott that she wanted to change the locks, to keep the plaintiff from entering the property. Scott gave the plaintiff twenty (20) minutes to get out all of her belongings, including her medicines. Scott and Davis oversaw a locksmith who changed the locks on the residence.

27. On or about August 12, 2019, Ms. Wright went to see the Sheriff, Defendant James Moore, to file a complaint against the Deputy Officer who had wrongfully threatened, handcuffed and detained her, and assisted in her eviction and lock change. However, rather than address or accept the complaint, the Sheriff had one of his deputies, Defendant Allen Griffin, immediately and unlawfully handcuff Ms. Wright, who was then booked and incarcerated overnight, without benefit of having her prescriptions medicines or the benefit of a telephone call to her counsel.

Slb third draft 7 17 20

28. The Plaintiff was forcibly removed from her residence by the actions of the Defendants. There was never any proper notice to the Plaintiff, nor any eviction proceeding commenced to legally remove her from the premises in accordance with the laws of the State of Mississippi.

29. The Plaintiff has made numerous demands upon Defendant Davis for the return of her personal property, but has been rebuffed on every occasion and has not recovered her property or been compensated by for her substantial losses, with one exception. On August 13, 2019, Ms. Wright had to resort to filing a replevin action in the Justice Court of Kemper County just to recover her clothes. She was not and has not to this date been able to recover any of her other personal belongings and property, wrongfully confiscated and converted by Defendant Davis, with the assistance of the other Defendants here. Ms. Wright suffered great losses of her personal property, along with emotional pain and suffering resulting from the wrongful and illegal arrest and detention. In connection with the July 23, 2019 arrest the plaintiff suffered physical injury that required her to seek medical attention.

## FEDERAL CIVIL RIGHTS CLAIMS

**Count 1: Unconstitutional Search and Seizure of Dwelling on July 18, 2019**

30. The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

31. Deputy Haggard, acting in concert with Ms. Davis, compelled the Plaintiff to allow him and Ms. Davis, without permission and without a warrant, to enter into her residence so that Ms. Davis could take photographs and surveil the premises, and invade the privacy of the

Slb third draft 7 17 20

Plaintiff. This invasion constituted an unlawful search and seizure in violation of the Fourth Amendment to the United States Constitution.

32. Under the facts and circumstances surrounding this incident, Ms. Davis was a "state actor" for purposes of 42 U.S.C. § 1983.Deputy Haggard and the Sheriff's Office had so far insinuated themselves into a position of interdependence with Ms. Davis that they became joint participants in the enterprise of Ms. Davis.

**Count 2: Unconstitutional arrest on July 23, 2019**

33. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

34. Deputy Eric Scott, acted in concert with Ms. Davis, arrested the Plaintiff without probable cause and such action was thus an unreasonable search and seizure in violation of the Fourth Amendment to the U.S. Constitution.

35. Under the facts and circumstances surrounding this incident, Ms. Davis was a "state actor." Deputy Scott and the Sheriff's Office had so far insinuated themselves into a position of interdependence with Ms. Davis that they became joint participants in the enterprise of Ms. Davis.

**Count 3: Unconstitutional Excessive Use of Force on July 23, 2019**

36. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

37. In arresting the Plaintiff Deputy Scott affixed the handcuffs to her in a constricting manner and pushed her about in a rough manner, causing the Plaintiff physical harm in violation of her rights under the Fourth Amendment to the U.S. Constitution.

**Count 4:  Unconstitutional Seizure of Property on July 23, 2019**

38. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

39. Detective Scott and Ms. Davis assisted a locksmith who changed the locks on the doors of the Plaintiff's residence. At the time of this incident numerous items of personal property belonging to the plaintiff were inside the residence, and she has still been unable to retrieve them from Ms. Davis. This was an unconstitutional seizure of property under the Fourth Amendment to the U.S. Constitution.

40. Under the facts and circumstances surrounding this incident, Ms. Davis was a "state actor." Scott and the Sheriff's Office had so far insinuated themselves into a position of interdependence with Ms. Davis that they became joint participants in the enterprise of Ms. Davis.

**Count 5:  Unconstitutional Taking of Property and Denial of Procedural and Substantive Due Process on July 23, 2019**

41. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

42. Detective Scott and Ms. Davis assisted a locksmith who changed the locks on the doors of the Plaintiff's residence. At the time numerous items of personal property belonging to the plaintiff were inside the residence, and she has still been unable to retrieve them from Ms.

Slb third draft 7 17 20

Davis. This action was an unlawful taking of property under the Fifth Amendment and a violation of procedural and substantive due process under the Fourteenth Amendment.

43. Under the facts and circumstances surrounding this incident, Ms. Davis was a "state actor." Scott and the Sheriff's Office had so far insinuated themselves into a position of interdependence with Ms. Davis that they became joint participants in the enterprise of Ms. Davis.

**Count 6: Unlawful Arrest on August 12, 2019**

31. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

32. Sheriff Moore and Deputy arrested the Plaintiff for trespass without probable cause to do so, in violation of her rights under the Fourth Amendment to the U.S. Constitution.

**Count 7: Unlawful imprisonment on August 12 and August 13, 2019**

33. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

34. The Sheriff and Deputy Griffin incarcerated the Plaintiff for the crime of trespass without probable cause to do, in violation of her rights under the Fourth Amendment to the U.S. Constitution.

**Count 8: Unlawful conditions of confinement**

36. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

37. The Defendants violated the Fourteenth Amendment due process right of the Plaintiff to not be subjected to conditions of custody and confinement creating an unreasonable danger to her safety and life.

### Count 8: Monell liability for Sheriff and Kemper County for false arrest and false imprisonment by a single act by an official with final policymaking authority.

38. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

39. The Sheriff is the final decision maker for the Kemper County's Sheriff's Office. His decision to arrest and incarcerate the plaintiff on August 12 is imputed to Kemper County.

### Count 9: Monell Liability for Sheriff and Kemper County for failure to train

40. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

41. The Sheriff has failed to train his deputies on the statutory procedures regarding eviction of a tenant. This failure to train resulted in the Plaintiff being unlawfully removed from her residence, locked out of her residence with no ability to retrieve her property, handcuffed, arrested, booked and incarcerated.

### Count 10:    Conspiracy under Section 1983

42. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

43. The aforesaid conduct of the defendants constitute l conspiracy.

Slb third draft 7 17 20

## MISSISSIPPI STATE LAW CLAIMS

**Count 11:    Trespass to land by Davis and Haggard on July 18 (Intentional Tort)**

44.    The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

45.    Deputy Haggard and Defendant Davis unlawful entry into the Plaintiff's residence on July 18 was done willfully, maliciously and intentionally. Deputy Haggard's actions were taken in his personal capacity and outside the course and scope of his duties.

**Count 12:    Trespass to Land by Davis on July 18 (Negligence)**

46.    The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

47.    Defendant Davis was negligent in her belief that she could enter the premises and take photographs on July 18.

**Count 13:    Trespass to Land by Haggard on July 18 ( Reckless Disregard under MTCA)**

48.    The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

49.    Deputy Haggard's unlawful entry into the Plaintiff's residence on July 18 was done with reckless disregard of the legal rights of the plaintiff and were done within the scope and course of his employment, causing Kemper County to be liable for his actions under the MTCA.

Slb third draft 7 17 20

**Count 14:** **Invasion of Privacy: intentional intrusion upon the solitude or seclusion of another by Haggard and Davis on July 18 (Intentional Tort)**

50. The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

51. Deputy Haggard and Defendant Davis unlawful entry into the Plaintiff's residence on July 18 was done willfully, maliciously and intentionally and invaded, without lawful justification, the plaintiff's private affairs or concerns. A reasonable person would regard the invasion as highly offensive and caused the Plaintiff distress, humiliation and anguish. Deputy Haggard's actions were taken in his personal capacity and outside the course and scope of his duties.

**Count 15:** **Battery by Scott on July 23 ( Intentional Tort)**

52. The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

53. Deputy Scott applied excessive use of force in handcuffing and arresting the plaintiff.

**Count 16:** **Excessive use of Force by Scott in violation of due process, Section 14 of Mississippi Constitution ( Intentional Tort)**

54 The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

55. Deputy Scott applied excessive use of force in handcuffing and arresting the plaintiff.

**Count 17:** **Battery by Scott on July 23( Reckless Disregard under MTCA)**

Slb third draft 7 17 20

56. The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

57. Deputy Scott applied excessive use of force in handcuffing and arresting the plaintiff. Such action was done with reckless disregard of the legal rights of the plaintiff and was done within the scope and course of his employment, causing Kemper County to be liable for his actions under the MTCA.

**Count 18:     Conversion of property by Davis and Scott (Intentional Tort)**

58. The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

59. Davis took with the intent of exercising over the personal property of the plaintiff and the plaintiff has been damaged thereby.

**Count 19:     Malicious Prosecution by Davis (Intentional Tort)**

60. The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

61. Davis intentionally and maliciously brought a criminal case against the plaintiff without a reasonable basis. The case was dismissed without prejudice.

**Count 20:     False Arrest by Moore (Intentional Tort)**

62. The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

Slb third draft 7 17 20

63. Sheriff Moore arrested the Plaintiff for trespass and without probable cause to do so. Moore's actions were taken in his personal capacity and outside the course and scope of his duties.

**Count 21: False Arrest and Incarceration by Moore and Scott ( Reckless Disregard under MTCA)**

64. The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

65. Sheriff Moore arrested and incarcerated the Plaintiff for trespass and without probable cause to do so. The arrest and incarceration were done with reckless disregard of the legal rights of the plaintiff and were done within the scope and course of Moore's employment, causing Kemper County to be liable for his actions under the MTCA.

**Count 22: Failure to provide care and treatment of detainee by Kemper County Sheriff's Office (Reckless Disregard under MTCA)**

66. The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

67. The Plaintiff was not provided access to her medicine and was refused access to a telephone to call her attorney, in reckless disregard of the legal rights of the plaintiff.

**Count 23: Replevin claim against Davis**

68. The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

Slb third draft 7 17 20

69. Defendant Davis is in unlawful possession of multiple and valuable items of personal property ("Property") as set forth in Exhibit A attached herein.  .

70. Plaintiff demands and immediate account and return of all items of such personal property.

71. All conditions precedent have been performed, have occurred or have been satisfied and Plaintiff is entitled to immediate possession of the Property.

**Count 24:      Intentional Infliction of Emotional Distress claim against Davis**

72. The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

73. Davis engaged in extreme and outrageous conduct; did so recklessly and with the intent of causing the plaintiff severe emotional distress; and her conduct caused the plaintiff severe emotional distress.

**Count 25:      Assault claim against Davis**

74. The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

75. Davis brandished a weapon at the Plaintiff causing the Plaintiff reasonable apprehension.

**Count 26:      Civil conspiracy claim**

76. The Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

Slb third draft 7 17 20

77.     There was an agreement between two or more the defendants to break the law and to achieve a lawful aim by unlawful means.

**PRAYER FOR RELIEF**

a.     For the federal causes of action under 42 U.S.C. § 1983 against the individual defendants the Plaintiff seeks an award of compensatory and punitive damages to be awarded jointly and severally, separately or apportioned between them as required by facts and law.

b.     For the federal causes of action under 42 U.S.C. § 1983 against Kemper County the Plaintiff seeks an award of compensatory damages.

c.     For the Plaintiff's common law causes of action against the individual defendants the Plaintiff seeks an award of compensatory and punitive damages to be awarded jointly and severally, separately, or apportioned between them as required by facts and law..

d.     For the Plaintiff's causes of action cognizable under MTCA the Plaintiff seeks an award of compensatory damages against Kemper County.

e.     The Plaintiff seeks to recover against the Defendants all costs of action, including attorney's fees under 42 U.S.C. § 1988.

f.     The Plaintiff seeks declaratory and injunctive relief as described herein.

.     g.     The Plaintiff seeks an award of such other, further, and different relief as the Court deems necessary, just, and proper.

Respectfully submitted this the 17th day of July 2020.

**DORSYL WRIGHT**
**PLAINTIFF**

Slb third draft 7 17 20

                                         _/s/_ Samuel L. Begley, Esq._
Samuel L. Begley, Esq.
( Miss. Bar No. 2315)
BEGLEY LAW FIRM, PLLC
P. O. Box 287
Jackson, MS 39205
Tel: 601-969-5545
begleylaw@gmail.com

W. David Watkins, Sr.
( Miss. Bar No. )
Foreclosure Defense Staff Attorney
MS Center for Legal Services Corporation
P.O. Box 951
Jackson, MS 39205
(601) 427-3650
wwatkins@mslegalservices.org

*The Plaintiff's Attorneys*

## DECLARATION

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

Exhibit A is a list of personal property with the value thereof. The Plaintiff is entitled to immediate possession of the property and the property is in the possession of Defendant Kathy Davis.

I declare under penalty of perjury, that the foregoing is true and correct.

Executed on July 17, 2020.

                                         _/s/_ Samuel L. Begley, Esq._
                                               Samuel L. Begley, Esq.

Slb third draft 7 17 20