SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 3 1 2020
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| DORSYL WRIGHT,<br><br>    Plaintiff,<br><br>vs.<br><br>KATHY DAVIS,<br><br>    Defendant | Case No.: 3:20-cv-473-DPJ-FKB<br><br>ANSWER AND COUNTERSUIT |

Defendant, Kathy Davis, 300 Walter Reed Rd, Preston, Mississippi 39354 601-416-9288, Pro Se, hereby submits this Answer and Countersuit to the complaint on the file herein, and alleges as follows:

21. **ADMIT** On July 11, 2019, Davis did purchase house located at 300 Walter Reed Rd with 3 additional acres which included another house. Dorsyl Wright knew of the foreclosure in February 2019. **(See Exhibit 7c)** On the same day I purchased the home as a courtesy I went and told Wright that I had in fact purchased the home and that she had until the end of the month because I still had time in the house I was renting.

**22. ADMIT**

**23. ADMIT**

ANSWER AND COUNTERSUIT - 1

**24. ADMIT.** Davis did send certified letter on July 18, 2019 because Wright threatened to blow Davis away. There is a history of violence in Wright family. (Wrights cousin killed her baby brother after he told everybody). Davis feared for her safety and wanted to remove Wright from property.

**25. DENY.** Wright not telling whole story!! On July 18th, I received a call from neighbors saying she was selling items out of the house. I went to ask her to leave the washer and dryer because they should have been part of the home when it was sold. She got upset immediately screaming "Bitch you need to leave, I should fuck you up right now" then proceeded in the house slammed the door and yelled out "I should blow your ass away".

I immediately went to my car and called the police. Wright came and approached my car, kicked it and proceeded to try and open the door taunting me to get out. When she approached the car my gun was in my arm rest, never had it in my hand or showed it to Wright.

My Aunt Lovell Brown and cousin Sabrina Williams came to the house to try and talk to Wright.

Officer Haggard arrived and tried to talk to both Wright and Davis. Davis requested that Haggard go into home with her to take pictures of residence. Wright was uncooperative and Davis was under no obligation to give Wright copies of her paperwork. She knew the house was being foreclosed back in February 2019. (**See exhibit 3a, 3b, 3c, 7a**)

> ***Later this same afternoon, Davis received a call from Eric Miller of Shapiro and Brown LLC. telling her to call the authorities because Wright had called and told them she would kill Davis if she came back to the property.

**26. DENY.** On July 22, 2019 Davis went over to check the progress of Wrights move only to find she had moved her belongings from 300 Walter Reed Rd to 346 Walter Reed Rd and she had a crew putting up a shed on Davis' property which was part of the house and land purchased

ANSWER AND COUNTERSUIT - 2

July 11, 2019. Davis told Wright she was not welcome on my property because she threatened my life and I didn't trust her but when she wanted to get her things come with a police escort.

Wright refused to leave and became combative. Davis called the police to have her removed from the property. **(See exhibit 3a, 3b, 3c)**

Wright had taken the French doors off the hinges in the dining room, she had taken glass sliding doors off the guest room closet, removed shower head, removed a closet door and locked the remaining closets so Davis wouldn't have access and she also dismantled the fireplace and left a whole in the chimney. **(See exhibit 2, a-h)**

Davis had Stanley Backstrom to change the deadbolt locks on the door to keep Wright from entering.

ERIC SCOTT had nothing to do with changing locks on Davis' house. Scott did give Wright 20 minutes to take whatever she could. Wright loaded two cars and a truck. Davis again told Wright she was not welcome on my property because she threatened my life and I didn't trust her but when she wanted to get her things come with a police escort.

**27. DENY** Wright was arrested because Davis had filed trespassing charges against Wright. On July 31 Davis went to Sheriff Office and Court house to file trespassing charges against Wright. **(See exhibit 6a, 6b)**

ANSWER AND COUNTERSUIT - 3

On July 30, 2019 Wright had gone in 346 Walter Reed Rd through the window disengaged all Davis' deadbolt locks and was using the locks on the knob. Wright still had possession of keys and was entering property constantly. Wright had locked Davis out and plugged up all the appliances.

Davis called Backstrom back to take the knobs off both the front and back doors.

**Count 1:**

31. **DENY.** There was no search and seizure. I didn't need permission to enter my house I could have requested she leave the day I purchased the house according to how auctions work but Davis was trying to be nice until Wright threatened Davis. Davis did ask Haggard to assist her with entering house to take pictures because of the way Wright was acting. Davis did not want to enter alone and knew there would possibly be something done to the house.

32. **DENY.** Deputy Haggard and the Sheriff's Office were acting in compliance with their jobs. Davis called they came to defuse whatever the situation called for. Davis has no personal relationship with anybody in Kemper County Sheriff's Office.

**Count 2:**

**DENY #33, 34, 35**

**(Continued)**

ANSWER AND COUNTERSUIT - 4

Deputy Haggard and the Sheriff's Office were acting in compliance with their jobs. Davis called they came to defuse whatever the situation called for. Davis has no personal relationship with anybody in Kemper County Sheriffs Office

**Count 4**

DENY #38, 39, 40

Davis had Stanley Backstrom to change the deadbolt locks on the door to keep Wright from entering. Sheriff's Office was acting in compliance with their jobs. Davis called and they came to defuse whatever the situation called for. Davis has no personal relationship with anybody in Kemper County Sheriffs Office.

**COUNT 5**

DENY #41, 42, 43

Davis had her nephew set Plaintiff's belongs on the front porch of the home and officers watched Plaintiff remove her belongings in a blue pickup truck. She made several trips and stored items in a shed. (See Exhibit

**COUNT 11**

DENY #44, 45

Davis was home owner and had the right to see what kind of condition home was in. Davis only took pictures. **(See Exhibit 1a-d)**

ANSWER AND COUNTERSUIT - 5

## COUNT 12

**DENY #46, 47**

Davis only wanted to take pictures of the home because of the irate actions the Plaintiff was displaying. Plaintiff dismantled fireplace, removed stove, fridge, washer, dryer, closet doors, french doors and destroyed the carpet with soot from fireplace. ( **See Exhibit 2a-h**)

## COUNT 14

**DENY #50, 51**

Davis' entry into the home did not invade the Plaintiff's privacy.  Davis only wanted to take pictures of the home because of the irate actions the Plaintiff was displaying. Plaintiff dismantled fireplace, removed stove, fridge, washer, dryer, closet doors, french doors and destroyed the carpet with soot from fireplace. ( **See Exhibit 2a-h**)

## COUNT 18

**DENY #59**

Plaintiff was told she could get her belonging at any time as long as she had a police escort.  Plaintiff NEVER contacted Davis.  Davis' Atty Jeremy Chalmers, Chalmers Law Inc. Philadelphia, Mississippi contacted Plaintiff, on or about August 24, 2019 to schedule date and time for her to get her things from the property.  Plaintiff agreed to pick items up Monday August 26, 2019 but later called to cancel.

August 27, 2019 we were in court with Judge Mary Gulley presiding and there was no judgement against Davis.  The Judge found Plaintiff had enough time to get her belongings

ANSWER AND COUNTERSUIT - 6

and advised Davis to do what she pleased with items. **(See exhibit 7b)**

Davis had everything in boxes put on the porch and plaintiff agreed to pick item up Friday August 30, 2019. Sheriff's officer was on premises as Plaintiff gathered her belongings.

## COUNT 19

**DENY #61**

Wright was arrested because Davis had filed trespassing charges against Wright.

On July 31 Davis went to Sheriff Office and Court house to file trespassing charges against Wright. **(See exihbit 6a, 6b)**

On July 30, 2019 Wright had gone in 346 Walter Reed Rd through the window disengaged all Davis' deadbolt locks and was using the locks on the knob. Wright still had possession of keys and was entering property constantly. Wright had locked Davis out and plugged up all the appliances.

## COUNT 23

**DENY #68, 69**

August 27, 2019 we were in court with Judge Mary Gulley presiding and there was no judgement against Davis. The Judge found Plaintiff had enough time to get her belongings and advised Davis to do what she pleased with items.

Davis is no longer in possession of any of Plaintiffs belongings. Most of Plaintiffs items are stored in a shed behind Davis's home. **(See exhibit 7a-c)**

ANSWER AND COUNTERSUIT - 7

**COUNT 24**

**DENY #72, 73 AND COUNTERSUIT**

WHEN Davis went to ask her to leave the washer and dryer because they should have been part of the home when it was sold, she got upset immediately screaming "Bitch you need to leave, I should fuck you up right now" then proceeded in the house slammed the door and yelled out "I should blow your ass away".

Davis received a call from Eric Miller of Shapiro and Brown LLC, the firm that handled the auction, on July 18, 2019 and he advised Davis to alert the authorities in the area because the the Plaintiff had called and warned she would kill Davis if she came back to the purchased property.

**COUNT 25**

**DENY #75**

Wright came and approached my car, kicked it and proceeded to try and open the door taunting me to get out. When she approached the car my gun was in my arm rest, never had it in my hand and never showed it to Wright.

**COUNT 26**

**DENY #77**

There was no agreement to break the law by anyone.

ANSWER AND COUNTERSUIT - 8

## PRAYER FOR RELIEF

a. Defendant seeks an award of punitive damages in the amount of $1000

b Defendant seeks an award for lost wages in the amount $576.80.( equivalent of 5 days pay)

c. Defendant seeks an award to recover all court cost.

d. Defendant Seeks an award to such other, further, and different relief as the Court deems necessary, just and proper.

Respectfully submitted this 29th day of August 2020

_Kathy Davis_
Kathy Davis, Defendant

ANSWER AND COUNTERSUIT - 9