**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DORSYL WRIGHT**                                                                            **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO.: 3:20-CV-473-DPJ-FKB**

**SHERIFF JAMES R. MOORE, ET AL.**                                              **DEFENDANTS**

**ERIC SCOTT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO LIFT STAY OF DISCOVERY AND HAVE COURT CONDUCT CASE
MANAGEMENT CONFERENCE AND ENTER CASE MANAGEMENT ORDER**

Comes now, Eric Scott[1], by and through counsel, and submits his Response in

Opposition to Plaintiff's Motion to lift Stay of Discovery and have Court conduct Case

Management Conference and enter Case Management Order [34]. In support of the same,

Eric Scott would show unto the Court as follows:

**INTRODUCTION**

On December 4, 2020, James R. Moore, Daniel Haggard, Eric Scott, and Allen

Griffin (collectively "Defendants") filed their Motion for Judgment on the Pleadings

based on Qualified Immunity ("MJP"), and further moved the Court to stay all discovery

under Local Rule 16(b)(3)(B) until the Court ruled on the pending qualified immunity

motion. On December 9, 2020, the Court entered a "TEXT-ONLY ORDER STAYING

DISCOVERY pursuant to L.U.Civ.R. 16(b)(3)(B) pending a decision on the Motion for

Judgment on the Pleadings Based on Qualified Immunity at docket no. [26]."

---

[1] The Court granted James R. Moore, Daniel Haggard, Eric Scott, and Allen Griffin's Motion for Judgment on the Pleadings based on Qualified Immunity as to all of Plaintiff's "federal-law claims against the individual officers in their individual capacities, except her Fourth and Fifth Amendment claims against Scott related to the alleged taking and seizure of her personal property on July 23, 2019." *CM/ECF Doc. No. 33 at 19*.

On September 14, 2021, the Court rendered a partial decision on Defendants' MJP, granting qualified immunity to all individual capacity claims against the named-officers except for Plaintiff's "Fourth and Fifth Amendment claims against Scott related to the alleged taking and seizure of her personal property on July 23, 2019." *CM/ECF Doc. No. 33 at 19*. The Court's Order [33] stated that the "parties may conduct discovery regarding the latter claims for a 60-day period commencing from the date of this Order." *Id*. at 20. Deputy Scott did not conduct any discovery during the 60-day window from September 14, 2021, to November 15, 2021[2]. Instead, Deputy Scott, in good faith, tried to amicably resolve the matter with Plaintiff without incurring additional costs, a process which began in earnest prior to the Court's September 14, 2021, Order [33].

## PROCEDURAL TIMELINE INCLUDING SETTLEMENT NEGOTIATIONS

1.   Defendants filed their Motion for Judgment on the Pleadings based on Qualified Immunity [26] on December 4, 2020. Plaintiff filed her Response in Opposition [31] to the same on January 4, 2021, to which Defendants filed their Reply [32] on January 11, 2021;

2.   On August 26, 2021, Plaintiff sent her initial Settlement Demand Letter to Defendants, to which Defendants responded with a counter-offer on September 8, 2021;

3.   On September 8, 2021, Plaintiff responded with her own counter-offer, which Defendants did not accept. On the same date, Defendants informed the Court that the matter had not settled;

4.   On September 14, 2021, the Court entered its Order [33], dismissing a majority of Plaintiff's claims while permissively stating that "[t]he **parties** may conduct discovery regarding the latter claims[3] for a 60-

---

[2] November 13, 2021, was sixty (60) days from September 14, 2021, but the same fell on a Saturday, which would extend the deadline until Monday, November 15, 2021.
[3] Plaintiff's Fourth and Fifth Amendment claims against Scott related to the alleged taking and seizure of her personal property on July 23, 2019.

day period commencing from the date of this Order." (emphasis added);

5.      Following the Court's Order [33], counsel for the parties arranged for, and held, a Zoom conference on September 28, 2021, to discuss the matter and the prospect of settlement;

6.      On October 5, 2021, Defendants proposed a counter-offer responsive to Plaintiff's September 8, 2021, counter-offer. Plaintiff did not respond to the same until November 29, 2021 (two (2) weeks after the expiration of the Court's sixty (60) day discovery window);

7.      Plaintiff's November 29, 2021, correspondence contained a counter-offer to Defendants' October 5, 2021, counter, along with stating Plaintiff's inclination to inform the Court that Deputy Scott did not conduct any additional discovery pursuant to the Court's Order [33]; and

8.      Defendants responded to Plaintiff's November 29, 2021, correspondence on the same date, again making a counter-offer. Plaintiff did not engage with the merits or substance of the counter-offer, but rather waited an additional two (2) weeks and filed her present Motion to Lift Stay of Discovery [34] on December 14, 2021.

Deputy Scott now brings his Response in Opposition to Plaintiff's Motion to lift Stay of Discovery and have Court conduct Case Management Conference and enter Case Management Order [34], specifically requesting that the Court grant Deputy Scott qualified immunity on Plaintiff's remaining claims as she has failed to meet her burden of rebutting the same, which would render Plaintiff's instant Motion moot.

**STANDARD OF REVIEW**

Rule 12(c) of the Federal Rules of Civil Procedure governs this Motion inasmuch as a responsive pleading has already been filed. *See Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999); *Robertson v. Mullins*, 2:12-cv-57-MPM-DAS, 2013 WL 1319759, at *1 (N.D. Miss. Mar. 26, 2013) (same). "The standard for deciding a Rule 12(c) motion is the same

as a Rule 12(b)(6) motion to dismiss." *Keys v. Safeway Ins. Co.*, 556 F. Supp. 2d 586, 588 (S.D. Miss. 2008) (citing *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007)). "Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011).

"To survive a motion to dismiss, a complaint must contain . . . factual content that allows the court to draw the reasonable inference that **the defendant** is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (emphasis added). Thus, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *See Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007)).

"Under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Plumier v. Mississippi Dep't of Corr.*, No. 1:18-cv-13-HSO-JCG, 2018 WL 4323925, at *3 (S.D. Miss. Sept. 10, 2018) (citing *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016)). Yet, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While complaints do not need "detailed factual contentions," claims must nevertheless rise above the speculative level. *Id.* "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017). "If the plaintiff has not 'nudged [her] claims across the line from conceivable to plausible, [the] complaint

4

must be dismissed.'" *McCoy v. Defs., Inc.*, No. 3:17-cv-207-DCB-LRA, 2017 WL 6329600, at *2 (S.D. Miss. Dec. 11, 2017) (quoting *Twombly*, 550 U.S. at 570). This is especially true and relevant in the context of qualified immunity.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). "The purpose of qualified immunity is to protect public officials from the 'burden of fighting lawsuits which arise from the good faith performance of their duties.'" *Patterson v. City of McComb, Mississippi*, No. 5:18-cv-74-DCB-MTP, 2018 WL 4956123, at *3 (S.D. Miss. Oct. 12, 2018) (quoting *Ren v. Towe*, 130 F.3d 1154, 1159 (5th Cir. 1997)). Qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit." *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

"[A] plaintiff seeking to overcome qualified immunity must plead **specific facts** that both allow the court to draw the reasonable inference that **the defendant** is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (emphasis added). In other words, "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999)). "This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir. 1996). In reviewing Plaintiff's facts, the Court's task "is to determine whether the [P]laintiff has stated a legally cognizable claim that is **plausible**, not to evaluate the

[P]laintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (emphasis added).

"'To state a section 1983 claim, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by **a person** acting under color of state law."'" *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)) (emphasis added). "As a prerequisite, a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 291-92 (5th Cir. 2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)).

"To evaluate whether a government official is entitled to qualified immunity, [courts] conduct a two-prong inquiry . . . (1) whether the undisputed facts and the disputed facts, accepting the plaintiffs' version of the disputed facts as true, constitute a violation of a constitutional right, **and** (2) whether the defendant's conduct was objectively reasonable in light of clearly established law." *Harmon v. Dallas Cty., Texas*, 927 F.3d 884, 892 (5th Cir. 2019), *as revised* (July 9, 2019) (quoting *Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015)). Significantly, courts may address either step first. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009).

Once a "defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). "Unless the plaintiff's allegations state a claim of violation of

clearly established law, a defendant pleading qualified immunity is entitled to dismissal

**before the commencement of discovery**." *Mitchell*, 472 U.S. at 526 (emphasis added). A

"plaintiff seeking to overcome qualified immunity must plead specific facts that both

allow the court to draw the reasonable inference that the defendant is liable for the harm

[the plaintiff] has alleged and that defeat a qualified immunity defense with equal

specificity." *Backe*, 691 F.3d at 648. For Plaintiff to negate Deputy Scott's qualified

immunity, and thereby survive dismissal, she must present to the Court "more than bald

allegations and conclusionary statements." *Fleming v. Tunica Cty. Mississippi*, 497 F. App'x

381, 388 (5th Cir. 2012) (quoting *Wicks*, 41 F.3d at 995).

## LEGAL ARGUMENT

I.     **THE STATUS OF "CLEARLY ESTABLISHED LAW" IN MISSISSIPPI AND THE GREATER FIFTH CIRCUIT**

To overcome qualified immunity, a plaintiff, in part, must show that a defendant's

"actions were objectively unreasonable in the light of clearly established law at the time

of the conduct in question." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Here,

> the [rights Deputy Scott are] alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right[s] must be sufficiently clear that a reasonable official would understand that what he is doing violates [those rights]. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "'The dispositive question[, therefore,] is

whether the violative nature of particular conduct is clearly established. This inquiry

must be undertaken in light of the **specific context of the case, <u>not</u> as a broad general**

**proposition**.'" *Hamilton v. McLemore*, No. 2:19-cv-47-KS-MTP, 2021 WL 3719559, at *9

(S.D. Miss. Mar. 31, 2021) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)) (emphasis

added).

To demonstrate which rights are clearly established, the Fifth Circuit requires

plaintiffs to

> identify a case—usually, a body of relevant case law—in which an officer
> acting under similar circumstances . . . was held to have violated the
> [Constitution]. While there need not be a case directly on point, the
> unlawfulness of the challenged conduct must be beyond debate. This leaves
> the rare possibility that, in an obvious case, analogous case law is not
> needed because the unlawfulness of the [challenged] conduct is sufficiently
> clear even though existing precedent does not address similar
> circumstances.

*Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020) (citations

omitted). **If there is not a clearly established case or body of relevant law that gives an**

**officer fair notice that the conduct in question was unlawful, then qualified immunity**

**shields that officer from suit**. *See Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S. Ct. 596, 599,

160 L. Ed. 2d 583 (2004). An officer has fair notice when "the legal principle[s] clearly

prohibit the officer's conduct in the particular circumstances before him. The rule's

contours must be so well defined that it is "'clear to a reasonable officer that his conduct

was unlawful in the situation he confronted.'" *D.C. v. Wesby*, 138 S. Ct. 577, 590, 199 L.

Ed. 2d 453 (2018) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

"Abstract or general statements of legal principle untethered to analogous or near-

analogous facts are not sufficient to establish a right 'clearly' in a given context; rather,

the inquiry must focus on whether a right is clearly established as to the specific facts of

the case." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). The Supreme Court of the United States has "repeatedly stressed that courts must not define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Wesby*, 138 S. Ct. at 590 (citations omitted).

Instead, the "precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id*. While "clearly established" analyses leave open the possibilities for "obvious cases," the Southern District of Mississippi and the Fifth Circuit have stated that obvious cases requiring no analogous case law are **rare**. *Burroughs v. City of Laurel, Mississippi*, No. 2:19-cv-48-TBM-MTP, 2021 WL 1723092, at *5 (S.D. Miss. Apr. 30, 2021) (citing *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d at 330) (emphasis added).

To be sure, "[w]hen deciding whether the right allegedly violated was 'clearly established,' the court asks whether the law so clearly and unambiguously prohibited the conduct that **every reasonable official** would **understand that what he is doing violates the law**." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013) (citing *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc)) (emphasis added).

> Answering in the affirmative requires the court to be able to point to controlling authority — or a robust consensus of persuasive authority — that defines the contours of the right in question with a high degree of particularity. This requirement establishes a high bar. When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity.

*Id.* (quoting, in part, *Morgan*, 659 F.3d at 371-72). If Plaintiff cannot demonstrate to this Court that Deputy Scott's alleged actions violated Plaintiff's clearly established rights, then the Court must, as a matter of law, dismiss Plaintiff's claims that fail to overcome Deputy Scott's qualified immunity.

## II.   PLAINTIFF'S RESPONSE IN OPPOSITION [30, 31], WITHOUT MORE, FAILS TO OVERCOME DEPUTY SCOTT'S CLOAK OF QUALIFIED IMMUNITY

The Court must dismiss Plaintiff's remaining claims against Deputy Scott as she has not demonstrated that Deputy Scott violated clearly established law with respect to the specific facts and circumstances of this case. More specifically, Plaintiff has failed to identify Fifth Circuit precedent[4] clearly establishing that Deputy Scott's conduct violated Plaintiff's Fourth and Fifth Amendment rights. Since Plaintiff has failed to demonstrate that the contours of the challenged rights are so well-defined that they would alert every reasonable official that Deputy Scott's actions were unlawful in the situation confronted, the Court must affirm Deputy Scott's qualified immunity as a matter of law. *Wesby*, 138 S. Ct. at 590; *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 2083, 179 L. Ed. 2d 1149 (2011).

"Part of the power of the qualified immunity doctrine arises from the fact that it must simply be raised as a defense by a defendant, and **the plaintiff has the burden of establishing the proof and arguments necessary to overcome it**." *Cooper v. Brown*, 156 F. Supp. 3d 818, 820 (N.D. Miss.), *aff'd in part, appeal dismissed in part*, 844 F.3d 517 (5th Cir.

---

[4] Only published circuit court opinions operate to clearly establish law in a jurisdiction. *Jamison v. McClendon*, 476 F. Supp. 3d 386, 404, n.128 (S.D. Miss. 2020) (citing *McCoy v. Alamu*, 950 F.3d 226, 233 (5th Cir. 2020)).

2016) (citing *Pierce v. Smith*, 117 F.3d 866, 871–72 (5th Cir. 1997) ("noting that the plaintiff bears the burden of demonstrating that an individual defendant is *not* entitled to qualified immunity)) (emphasis in parenthetical by Court)) (emphasis added). "Once again, plaintiff's burden in this regard includes an obligation to demonstrate that [Deputy Scott] violated 'clearly established law' at the time of the conduct in question." *Id*. "'For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances.'" *Pierce*, 117 F.3d at 882 (quoting *Lassiter v. Alabama A & M University*, 28 F.3d 1146, 1150 (11th Cir. 1994) (en banc)).

"It is thus apparent that it is the [P]laintiff, rather than the [Deputy Scott], who must do most of the 'heavy lifting' in the qualified immunity context, and . . . [P]laintiff has made essentially no effort to rebut" Deputy Scott's arguments that he is entitled to qualified immunity with respect to Plaintiff's Fourth and Fifth Amendment claims against him. *Jenkins v. Town of Vardaman*, Miss., 899 F. Supp. 2d 526, 531 (N.D. Miss. 2012). Plaintiff's instant motion states that the "Defendants elected to not conduct discovery during the 60-day timeframe afforded by the aforesaid order." *CM/ECF Doc. No. 34 ¶ 5*. Considering that it is Plaintiff's burden to overcome Deputy Scott's qualified immunity, Deputy Scott's failure to conduct any discovery—despite the reason for not doing so—is not grounds, in and of itself, to grant Plaintiff the relief requested in her instant motion. Plaintiff's failure to not conduct discovery during the same time period, however, is fatal to Plaintiff's surviving claims as she too failed to engage in discovery that would help her

demonstrate that Deputy Scott violated clearly established law. She did not so demonstrate, which means Deputy Scott is entitled to qualified immunity.

The Court's Order [33] makes it very clear that the "**parties may** conduct discovery regarding the latter claims for a 60-day period commencing from the date of this Order. *CM/ECF Doc. No. 33* at 20 (emphasis added). This is a permissive statement afforded to both Plaintiff and Deputy Scott. Plaintiff benefited more from this extra time to conduct discovery as it is her burden to overcome Deputy Scott's qualified immunity. In fact, the case that the Court cited[5] to support Deputy Scott's "request for qualified-immunity-related discovery on the property claims" supports the notion that Plaintiff was to conduct the qualified-immunity related discovery, not Deputy Scott. *CM/ECF Doc. No. 33 at 12, 13*; *see also Zapata*, 750 F.3d at 484.

That Deputy Scott did not engage in discovery is of no moment, especially since Plaintiff's failure to do so is dispositive to her claims. In other words, Plaintiff had an opportunity to further clarify Deputy Scott's actions which she could in turn use to support her claim that Deputy Scott is not entitled to qualified immunity by applying the facts and circumstances of the matters here with a controlling Fifth Circuit case. Plaintiff did not take advantage of this opportunity, and the Court must dismiss her remaining claims as a result.

With no further factual development, the Court is left to consider Plaintiff's Complaint [1] and Response Memorandum [30] to determine whether or not the same

---

[5] *Zapata v. Melson*, 750 F.3d 481, 484–85 (5th Cir. 2014).

12

are sufficient to overcome Deputy Scott's cloak of qualified immunity. They are not, and

the Court must dismiss Plaintiff's remaining claims against Deputy Scott for the

following reasons:

1.      Plaintiff's allegations never move beyond "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1949-50; and

2.      Plaintiff's Response Memorandum [30] is likewise conclusory with respect to Plaintiff's remaining claims against Deputy Scott, only generally describing Deputy Scott's actions without connecting the same to prevailing Fifth Circuit precedent showing that Deputy Scott violated clearly established law.

Plaintiff only devotes three (3) pages of her Response Memorandum [30] to her

Fourth and Fifth Amendment claims against Deputy Scott. *CM/ECF Doc. No. 30* at 11-13.

Plaintiff does not cite a single Fifth Circuit case in support of her arguments, which,

especially when coupled with her failure to engage in additional discovery, is fatal to her

remaining claims against Deputy Scott. Furthermore, the two (2) United States Supreme

Court cases and two (2) district court cases (Sixth and Ninth Circuits) that Plaintiff cites

in support of her argument are factually distinguishable, and do not amount to robust,

controlling federal authority. Plaintiff, therefore, has failed to demonstrate Deputy Scott's

actions violated the contours of clearly established rights. Accordingly, the Court must

dismiss Plaintiff's claims as she has failed to set forth sufficient authority to overcome

Deputy Scott's cloak of qualified immunity.

## CONCLUSION

Plaintiff's Motion to Lift Stay of Discovery seeks relief to which she is not entitled. "Unless the plaintiff's allegations state a claim of violation **of clearly established law**, a defendant pleading qualified immunity is entitled to dismissal **before the commencement of discovery**." *Mitchell*, 472 U.S. at 526 (emphasis added). As argued above, Plaintiff has failed to demonstrate that Deputy Scott violated clearly established law. Instead, she rests on conclusory allegations and legal conclusions which are not supported by controlling Fifth Circuit precedent.

Furthermore, Plaintiff did not use the 60-day window of additional discovery afforded her by the Court in its Order [33] to conduct qualified-immunity discovery to discover facts that would overcome Deputy Scotts cloak of qualified immunity. *See Zapata*, 750 F.3d at 484. In this regard, Plaintiff has failed to meet her burden. As the Court knows, "'[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive.'" *Id*. at 484-85 (quoting *Backe*, 691 F.3d at 648). Since Plaintiff has failed to overcome Deputy Scott's cloak of qualified immunity, Plaintiff is not entitled to a lift of the stay.

Accordingly, since the Court's previous Order [33] did not rule on whether or not Deputy Scott was entitled to qualified immunity with respect to Plaintiff's Fourth and Fifth Amendment claims against him, Deputy Scott, in light of Plaintiff's failures cited herein, respectfully requests that the Court dismiss with prejudice Plaintiff's claims raised against him, as Deputy Scott enjoys qualified immunity regarding the same.

**DATE:       December 21, 2021.**

Respectfully submitted,

**ERIC SCOTT**

BY:    */s/ Lance W. Martin*
         One of Their Attorneys


WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys

for Defendants James R. Moore, Daniel Haggard, Eric Scott, and Allen Griffin, hereby

certify that on this day, I electronically filed the foregoing Response in Opposition to

Plaintiff's Motion to lift Stay of Discovery and have Court conduct Case Management

Conference and enter Case Management Order [34] with the Clerk of the Court using the

ECF system, which gave notification of the same to:

> Samuel L. Begley, Esq.
> P. O. Box 287
> Jackson,, MS  39205
> begleylaw@gmail.com
>
> David Watkins, Sr., Esq.
> Mississippi Center for Legal Services Corporation
> P. O. Box 951
> Jackson, MS  39205
> wwatkins@mslegalservices.org
>      *Attorneys for Plaintiff*

I also hereby certify that I have mailed via the United States Postal Service, a copy

of same to the following non-ECF participant:

> Kathy Davis
> 300 Walter Reed Road
> Preston, MS  39354

This, the 21st day of December, 2021.

*/s/ Lance W. Martin*
OF COUNSEL
