IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DORSYL WRIGHT**                                                                                           **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO.: 3:20-CV-473-DPJ-FKB**

**JAMES R. MOORE, ET AL.**                                                                   **DEFENDANTS**

### JAMES R. MOORE AND OFFICE OF THE SHERIFF OF KEMPER COUNTY, MISSISSIPPI'S MOTION FOR JUDGMENT ON THE PLEADINGS

Come now, James R. Moore—in his official capacity[1] as Sheriff of Kemper County, Mississippi ("Sheriff Moore")—and Office of the Sheriff of Kemper County, Mississippi, by and through counsel, and, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, this Court's Order [33], and the current Case Management Order ("CMO") [41], submit their Motion for Judgment on the Pleadings. In support of the same, Movants would show unto the Court as follows:

1.     "This case involves a property dispute between Plaintiff Dorsyl Wright and Defendant Kathy Davis that escalated and eventually involved law enforcement [officers from the Kemper County, Mississippi, Sheriff's Department]." *CM/ECF Doc. No. 33*.

2.     Plaintiff sued Sheriff Moore in his individual and official capacities, and seems to have sued the Kemper County Sheriff's Office on the premise that it was the Kemper County agency employing the individually-named defendants who were personally involved with Plaintiff's claims. For the reasons below, the Court must (a) dismiss Plaintiff's official-capacity claims against Sheriff Moore, as the same "duplicates

---

[1] The Court granted Sheriff Moore qualified immunity as to all of Plaintiff's federal-law, individual-capacity claims against him. *See CM/ECF Doc. No. 33 at 19*.

her claim against the County[2]," and (b) entirely dismiss the Office of the Sheriff of Kemper County, Mississippi, as it is not an entity capable of suit.

3. On January 7, 2022, the Court entered a CMO for this matter, setting trial for "a two-week term of court beginning on March 6, 2023." *CM/ECF Doc. No. 41*. Inasmuch as the pleadings are closed, and the trial setting is over one (1) year away, Movants bring this Motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure as the Motion is early enough as to not delay trial. *See* Fed. R. Civ. P. 12(c).

4. This Court, in its Order [33] which was related to James R. Moore, Daniel Haggard, Eric Scott, and Allen Griffin's Motion for Judgment on the Pleadings based on Qualified Immunity [26], noted that Plaintiff's official-capacity claims against Sheriff Moore duplicate Plaintiff's claims against Kemper County. The Court, relying on *Hafer v. Melo* and *Garza v. Escobar*[3], further noted that the "parties should address this at the appropriate time." *CM/ECF Doc. No. 33* n.2. Sheriff Moore does so now, and respectfully requests the Court to, pursuant to the authorities cited by the Court in its Order [33], dismiss Plaintiff's official-capacity claims against Sheriff Moore as duplicative.

5. As to Plaintiff's federal- and state-law claims against the Office of the Sheriff of Kemper County, Mississippi—to the extent Plaintiff's Complaint sets forth any such claims—Movants respectfully request the Court to dismiss the same as sheriff's departments in Mississippi are not "separate legal entities which may be sued, rather

---

[2] *See CM/ECF Doc. No. 33* n.2 (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (official capacity suit is effectively an action against entity employing officer)).
[3] 972 F.3d 721, 734 (5th Cir. 2020).

they are extensions of the county." *Cunningham v. Hinds Cty. Sheriff's Dep't*, No. 3:12-cv-634-CWR-FKB, 2012 WL 5384642, at *2 (S.D. Miss. Nov. 1, 2012) (citing *Tuesno v. Jackson*, No. 5:08-cv-302–DCB–JMR, 2009 U.S. Dist. LEXIS 61416 at *2–3 (S.D. Miss. Apr. 30, 2009)); *see also Cooley v. Forrest Cty. Sheriff's Dep't*, No. 2:20-cv-5-KS-MTP, 2020 WL 5118054, at *2 (S.D. Miss. Aug. 31, 2020) (Mississippi sheriff's department is not capable of being sued for either federal- or state-law claims).

6. In light of the very clear and well-established authority on the issues above, (a) Plaintiff's official-capacity claims against Sheriff Moore are actually claims against Kemper County, Mississippi[4], and (b) Plaintiff cannot maintain either federal- or state-law claims against the Office of the Sheriff of Kemper County, Mississippi, as it is not an entity capable of suit. The Court, therefore, must dismiss Plaintiff's official-capacity claims against Sheriff Moore as Kemper County, Mississippi, remains a defendant in this matter, and likewise dismiss the Office of the Sheriff of Kemper County, Mississippi, from suit as it, too, is merely an arm of Kemper County, Mississippi.

7. Due to the simple and self-explanatory nature of this Motion, as well as the supporting authority cited hereinabove, Movants request that they be relieved of any further obligation to submit a supporting memorandum of authorities.

WHEREFORE, PREMISES CONSIDERED, Sheriff James R. Moore, in his official capacity as Sheriff of Kemper County, Mississippi, and the Office of the Sheriff of Kemper

---

[4] *Cunningham*, 2012 WL 5384642, at *6 (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)) ("A claim brought against a government employee in his official capacity is actually a claim against the governmental entity itself.").

3

County, Mississippi, respectfully request that this Court, pursuant to Rule 12(c) of the Mississippi Rules of Civil Procedure, dismiss all claims against them. Movants also request any other relief the Court deems just and proper.

**DATE:** **January 20th, 2022.**

                Respectfully submitted,

                **JAMES R. MOORE, AND OFFICE OF THE SHERIFF OF KEMPER COUNTY, MISSISSIPPI**

                BY:   */s/ Lance W. Martin*
                        One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

## **CERTIFICATE**

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which gave notice of same to the following:

>Samuel L. Begley, Esq.
>P. O. Box 287
>Jackson,, MS  39205
>begleylaw@gmail.com
>
>David Watkins, Sr., Esq.
>Mississippi Center for Legal Services Corporation
>P. O. Box 951
>Jackson, MS  39205
>wwatkins@mslegalservices.org
>          *Attorneys for Plaintiff*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participant:

>Kathy Davis
>300 Walter Reed Road
>Preston, MS  39354

This, the 20th day of January, 2022.

>                              */s/ Lance W. Martin*
>                              OF COUNSEL