IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DORSYL WRIGHT**                                                                                       **PLAINTIFF**

**V.**                                                               **CIVIL ACTION NO.: 3:20-cv-473-DPJ-FKB**

**SHERIFF JAMES R. MOORE, ET AL.**                                               **DEFENDANTS**

**JAMES R. MOORE, DANIEL HAGGARD, ERIC SCOTT,
ALLEN GRIFFIN, AND KEMPER COUNTY MISSISSIPPI'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO
MOVE FOR JOINDER OF PARTIES OR AMENDMENTS TO PLEADINGS [47]**

Come now, James R. Moore, Daniel Haggard, Eric Scott, Allen Griffin, and Kemper County, Mississippi[1] (collectively "Movants"), by and through counsel, and submit their Response in Opposition to Plaintiff's Motion for Enlargement of Time to move for Joinder of Parties or Amendments to Pleadings [47]. In support of the same, Movants would show unto the Court as follows:

1. Plaintiff filed her Complaint [1] on July 17, 2020, and Movants filed their Answer [23] on September 29, 2020. In other words, Plaintiff's case has been pending before the Court for at least eighteen (18) months[2].

2. During the pendency of Plaintiff's case, parties have actively litigated the matter, and have had a Zoom Status Conference before Chief District Judge Daniel P.

---

[1] The Court granted James R. Moore, Daniel Haggard, Eric Scott, and Allen Griffin's Motion for Judgment on the Pleadings based on Qualified Immunity as to all of Plaintiff's "federal-law claims against the individual officers in their individual capacities, except her Fourth and Fifth Amendment claims against Scott related to the alleged taking and seizure of her personal property on July 23, 2019." *CM/ECF Doc. No. 33 at 19*. Inasmuch as Plaintiff's state-law claims, to the extent they exist, have not been resolved, all Kemper County Defendants, exclusive of Office of the Sheriff of Kemper County, Mississippi, which recently filed a separate Motion for Judgment on the Pleadings [43], join in this Response.

[2] From and including Friday, July 17, 2020, to the date of filing this Response, one (1) year, seven (7) months, and five (5) days have passed.

Jordan, III (August 25, 2021), as well as a Telephonic Case Management Conference ("TCMC") before Magistrate Judge F. Keith Ball (January 7, 2022).

3.     Movants concede that, in large part, discovery was stayed in this matter due to their Motion for Judgment on the Pleadings based on Qualified Immunity [26; ("MJP")] and corresponding Motion for Stay [28]. The Court entered a TEXT-ONLY Order staying discovery on December 9, 2020, which the Court effectively lifted by Order [33] when "it held that '[t]he parties may conduct discovery regarding [these] claims[3] for a 60-day period commencing from the date of this Order.'" *CM/ECF Doc. No. 42* at 1 (quoting *CM/ECF Doc. No. 33* at 19-20).

4.     The 60-day period passed, and neither Movants nor Plaintiff engaged in discovery. *Id*. Even so, understanding the procedural history of the case, as well the need to conduct "**some limited discovery**" to conclude the matter, the parties agreed to conduct such discovery. *Case Mgmt. Order* ("*CMO*"), *CM/ECF Doc. No. 41* at 4. As part of the agreement, the Court recognized "that no defendant is waiving any immunity defenses by proceeding with discovery in this case." *Id*.

5.     At this stage in the litigation, Movants understand "limited" as applied to discovery to mean both quantity and quality. Quantity of discovery is in an effort to minimize time and financial expenditures for all parties involved. Quality of discovery refers to information that can be gleaned from Defendants Kathy Davis and Eric Scott. To this end, Movants have agreed to participate in depositions of those individuals. *CM/ECF*

---

[3] *See* n.1 supra.

*Doc. No. 47*. Notably, the discovery deadline in this matter does not expire until September 22, 2022.

6. Plaintiff's instant Motion [47], which correctly cites the now-ongoing discovery in this matter, nevertheless seeks permission to amend her Complaint based upon information she hopes to uncover through the tools of discovery. Tools of which she did not use in her previous opportunity to do so. Plaintiff's request here, which "Plaintiff's counsel reasonably believes that this discovery will help him in filing an amended complaint" is a textbook fishing expedition.

7. In *Smith v. Union Nat'l Life Ins. Co.*, the Southern Division of this Court found that a statement where "Counsel for Plaintiff certifies that he reasonably believes that, through the pending discovery efforts, he can further support any claim in the Third Amended Complaint that this Court deems presently insufficient" amounted to a request to go on a fishing expedition. No. 1:15-cv-9-KS-RHW, 2017 WL 599417, at *4 (S.D. Miss. Feb. 14, 2017). The *Smith* Court denied the plaintiff's request. *Id*. Due to the similar phrasing of Plaintiff's instant request, this Court should likewise deny Plaintiff's Motion [47].

8. Furthermore, Rule 16(b)(4) of the Federal Rules of Civil Procedure clearly states that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiff's instant Motion altogether fails to state good cause to modify the current CMO. Her only "cause" appears to be speculation of discoverable information related to events of which she was an original participant.

9. Plaintiff's request, when read between the lines, is essentially saying to the Court: "If I realize in depositions and discovery there is a claim I should have pled, but did not, I would like to plead it now." Movants, especially considering that Plaintiff (a) did not previously engage in discovery when she had the opportunity to do so; (b) failed to set forth good cause for modification of the CMO in her instant Motion; and (c) is purely seeking permission for a fishing expedition, must object to Plaintiff's Motion and request that the Court deny the same.

10. At a minimum, should the Court be inclined to grant Plaintiff's Motion, Movants request the Court to require Plaintiff to set forth good cause pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure. Should the Court outright grant Plaintiff's Motion, Movants reserve any and all defenses and objections afforded to them by law that they may raise in a subsequent response in opposition to Plaintiff's Motion for Joinder/to Amend Pleadings.

11. Due to the simple and self-explanatory nature of this Motion, as well as the supporting authority cited hereinabove, Movants requests that they be relieved of any further obligation to submit a supporting memorandum of authorities.

WHEREFORE, PREMISES CONSIDERED, based on the arguments and authorities above, James R. Moore, Daniel Haggard, Eric Scott, Allen Griffin, and Kemper County, Mississippi, respectfully request the Court to deny Plaintiff's instant Motion [47]. Alternatively, Movants request the Court to order Plaintiff to provide good cause for her request.

In the event the Court outright grants Plaintiff's Motion, Movants request the Court, to the extent possible, to provide guidance related to the limitation of the substance/subject matter of Plaintiff's proposed amendments, as well as acknowledge Movants' reservation of any and all rights to raise defenses and objections related to Plaintiff's subsequent motion(s).

**DATE:** February 21, 2022.

                                            Respectfully submitted,

                                            **JAMES R. MOORE, DANIEL HAGGARD, ERIC SCOTT, ALLEN GRIFFIN, AND KEMPER COUNTY, MISSISSIPPI**

                                            BY:    */s/ Lance W. Martin*
                                                         One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Defendants James R. Moore, Daniel Haggard, Eric Scott, Allen Griffin, and Kemper County, Mississippi, hereby certify that on this day, I electronically filed the foregoing Response in Opposition to Plaintiff's Motion for Enlargement of Time to move for Joinder of Parties or Amendments to Pleadings [47] with the Clerk of the Court using the ECF system, which gave notification of the same to:

>Samuel L. Begley, Esq.
>P. O. Box 287
>Jackson, MS  39205
>begleylaw@gmail.com
>
>David Watkins, Sr., Esq.
>Mississippi Center for Legal Services Corporation
>P. O. Box 951
>Jackson, MS  39205
>wwatkins@mslegalservices.org
>   *Attorneys for Plaintiff*

I also hereby certify that I have mailed via the United States Postal Service, a copy of same to the following non-ECF participant:

>Kathy Davis
>300 Walter Reed Road
>Preston, MS  39354

This, the 21st day of February, 2022.

>                              */s/ Lance W. Martin*
>                              OF COUNSEL